**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| GREGORY JOHNSTON,<br><br>*Plaintiff,*<br><br>v.<br><br>EQUINOR TEXAS ONSHORE PROPERTIES LLC, EQUINOR PIPELINES LLC, EQUINOR USA ONSHORE PROPERTIES INC., AND EQUINOR US OPERATIONS LLC,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:18-CV-126 |

**DEFENDANTS' NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants Equinor Texas Onshore Properties LLC, Equinor Pipelines LLC, Equinor USA Onshore Properties Inc., and Equinor US Operations LLC (collectively, "Defendants" or "Equinor") file this Notice of Removal and hereby remove the above-entitled civil action from the 343rd Judicial District Court in McMullen County, Texas, to this United States District Court for the Southern District of Texas, Laredo Division. *See* 28 U.S.C. §§ 1441(a),1446.

**GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION**

1. Defendants invoke their right to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil actions if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Additionally, the doctrine of improper joinder (or fraudulent joinder) prevents defeat of federal

removal jurisdiction based on diversity by the presence of an improperly-joined, non-diverse defendant. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).

2. In this case, one Defendant—Equinor USA Onshore Properties Inc.—has been improperly joined, as is more fully set forth below. The remaining Defendants are completely diverse from Plaintiff and the amount in controversy exceeds $75,000. As a result, this Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

**PROCEDURAL HISTORY**

3. Equinor Texas Onshore Properties LLC, Equinor Pipelines LLC, Equinor USA Onshore Properties Inc., and Equinor US Operations LLC are Defendants in the civil action styled *Gregory Johnston v. Equinor Texas Onshore Properties, LLC, et al.*, Cause No. M-18-0017-CV-C, in the 343rd Judicial District Court in McMullen County, Texas ("state court action").

4. Plaintiff Gregory Johnston ("Plaintiff") filed the state court action on July 5, 2018. Defendants were served on July 31, 2018.

5. All Defendants consent to this removal. By filing this Notice of Removal, Defendants do not waive their right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure.

6. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served and/or filed in the state court action are attached to this Notice of Removal as Exhibit B. An index of these documents is attached as Exhibit A. Pursuant to Local Rule 81, a complete list of all counsel of record is attached as Exhibit D.

## VENUE

7. Venue is proper in this District and Division pursuant to section 1441(a), which permits removal to "the district court of the United States for the district and division embracing the place where [the state action] is pending." 28 U.S.C. § 1441(a).

## TIMELINESS OF REMOVAL

8. Defendants were served with process on July 31, 2018. Defendants filed this Notice of Removal on August 27, 2018. Because the Defendants filed this Notice of Removal within thirty days of service of Plaintiff's Original Petition and the state court action has been pending for less than one year, this Notice of Removal is timely. *See id.* § 1446(b).

## CITIZENSHIP OF THE PARTIES

9. Plaintiff Gregory Johnston is a citizen of Texas. Exhibit B at 3.

10. Three Defendants—Equinor Pipelines LLC, Equinor Texas Onshore Properties LLC, and Equinor US Operations LLC (the "LLC Defendants")—are limited liability companies. The citizenship of a limited liability company is determined by the citizenship of its members. *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members."). Each of the three LLC Defendants has one member: Equinor US Holdings Inc. Exhibit C, Declaration of Carter Williams. Equinor US Holdings Inc. is incorporated in Delaware and has its principal place of business in Connecticut. *Id.* Thus, each of the LLC Defendants is a citizen of Delaware and Connecticut.

11. The remaining Defendant, Equinor USA Onshore Properties Inc., is a foreign corporation incorporated in the state of Delaware with its principal place of business in Texas. *See* Exhibit C. As such, it is a citizen of Delaware and Texas. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business . . . ."). However, as is further set forth below, Equinor USA Onshore Properties Inc. has been improperly joined in this action.

**LEGAL STANDARD FOR A NOTICE OF REMOVAL**

12. Section 1446(a) specifies that a notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). This language purposefully tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014) (citing 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, Federal Practice and Procedure § 3733, pp. 639–641 (4th ed. 2009)). "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Id.* (citing H.R. Rep. No. 100–889, p. 71 (1988)).

**ARGUMENT AND AUTHORITIES**

13. Under 28 U.S.C. § 1332(a), district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). For diversity jurisdiction to be proper, a "court must be certain that all Plaintiff have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N.A.*, 841 F.2d 1254, 1258

(5th Cir. 1988). Additionally, a case may not be removed based on diversity jurisdiction if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

14. However, a removing defendant can establish diversity jurisdiction by showing that a non-diverse defendant has been improperly, or fraudulently, joined.[1] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In this case, because Defendant Equinor USA Onshore Properties Inc. is improperly joined, the Court has diversity jurisdiction over this matter.[2]

**I. Defendant Equinor USA Onshore Properties Inc. is improperly joined.**

15. A defendant may establish improper joinder by showing either: (1) "the plaintiff *has* stated a claim against a diverse defendant that [the plaintiff] fraudulently alleged is nondiverse," or (2) "the plaintiff *has not* stated a claim against a defendant that [the plaintiff] properly alleges is nondiverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (citing *Smallwood*, 385 F.3d at 573) (emphasis in original). Stated another way, a defendant must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir.1999)).

16. To meet its burden under the second prong, a defendant must establish that there is no reasonable basis to predict the plaintiff can recover against the non-diverse defendant.

---

[1]"Improper joinder" and "fraudulent joinder" are equivalent terms; however, courts have made clear that improper joinder is the preferred term. *See Smallwood*, 385 F.3d at 572.

[2]Defendant Equinor US Operations LLC is also not a proper Defendant in this case. That entity's sole purpose is to provide corporate services for Equinor's upstream business entities in the United States, including payroll services, employment services, and facilities management. Exhibit C. It has no connection to the allegations set forth in Plaintiff's Original Petition. However, as it has diverse citizenship from Plaintiff, the Court need not address that issue at this time.

*Smallwood*, 385 F.3d at 573. Courts emphasize the possibility of recovery "must be reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

17. Under Fifth Circuit law, courts use a Rule 12(b)(6)-type analysis to determine if a plaintiff has a reasonable basis for recovery. *Smallwood*, 385 F.3d at 573. The court's key question is whether there exists "a reasonable basis for predicting that state law might impose liability on the facts involved." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981). In cases "in which the plaintiff has stated a claim but has misstated or omitted discrete facts that would determine the propriety of joinder, . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573 (citing *Badon v. RJR Nabisco*, 224 F.3d 382, 389 n.10 (5th Cir. 2000)).

18. A defendant is improperly joined if it had no connection to the actions that form the basis of plaintiff's claims and the defendant is merely another entity in a corporate family. *See, e.g.*, *McClenton v. Cannon Chevrolet, Cadillac, Nissan Inc.*, 4:16-CV-183-SA, 2017 WL 4322432, at *2 (N.D. Miss. Sept. 28, 2017). Similarly, a defendant who had no involvement in the activities complained of in a plaintiff's petition is improperly joined. *Nelson v. Chevron USA Inc.*, Civ. Ac. No. CV M-09-320, 2010 WL 11583424, at *3 (S.D. Tex. Mar. 2, 2010) ("[T]he facts set forth in [the defendant's] affidavit make clear that he had no involvement in any activity that itself resulted in Plaintiffs injuries, and therefore Plaintiff has no reasonable possibility of recovering against him on this claim.").

19. For instance, in *McClenton*, a driver filed suit against multiple defendants over an allegedly defective vehicle. *McClenton*, 2017 WL 4322432 at *1. Among the defendants were two car dealerships—Cannon Chevrolet and Cannon Chrysler Dodge Jeep Ram—that belonged to

the same corporate family. *Id.* But the driver had purchased the vehicle from Cannon Chrysler Dodge Jeep Ram; Cannon Chevrolet's only connection to the case was that it was a related entity. *Id.* at *2. The driver had simply "brought suit against the wrong entity." *Id.* As a result, the court determined the driver was unable to establish a cause of action against the second dealership and dismissed that defendant as improperly joined. *Id.*

20. In this case, Plaintiff has failed to state a claim against Defendant Equinor USA Onshore Properties Inc. Nor could he state any viable claim. Plaintiff's claims arise out of oil and gas leaseholds located in the Eagle Ford Shale in Texas. Exhibit B at 1–2. But Defendant Equinor USA Onshore Properties Inc. has no connection to Plaintiff's leases. Exhibit C. Rather, the entity engages solely in the exploration of hydrocarbons in the Utica and Marcellus Shales located in the Appalachian region of the United States—not the Eagle Ford Shale. *Id.*

21. Plaintiff's Original Petition lists breach of contract, accounting, fraud and negligent misrepresentation, unjust enrichment, and a request for declaratory judgment as causes of action. Exhibit B at 13–17. These claims are based on Plaintiff's alleged interest in certain oil and gas leases in the Eagle Ford Shale. *Id.* at 5. Plaintiff contends that Defendants have breached an agreement with Plaintiff in the following ways: (a) allegedly reducing production volumes of oil and natural gas pursuant to a "skim scheme," (b) allegedly failing to pay agreed royalty payments, (c) allegedly utilizing an improper pricing system, (d) allegedly taking improper deductions, and (e) allegedly failing to provide records and data related to production. *Id.* at 14. Plaintiff also alleges that Defendants made "material, false representations" about royalties, pricing, and expense deductions. *Id.* at 15.

22. Every one of these allegations is related to leases located in the Eagle Ford Shale, here in Texas. Defendant Equinor USA Onshore Properties Inc. operates in the Utica and

Marcellus Shales in other states. Exhibit C. It has never had any involvement in calculating production volumes for Plaintiff's leases. *Id.* It has never had any involvement in calculating or making royalty payments for those leases, either. *Id.* Similarly, it has never set the price of oil and gas taken from wells in Plaintiff's leases, nor has it ever taken any deductions from royalty payments made to Plaintiff. *Id.* Additionally, it was never in any position to fail to provide records to Plaintiff, as it has never maintained records related to those leases. *Id.* And it has never made *any* representation to Plaintiff, let alone a fraudulent representation. *Id.* Defendant Equinor USA Onshore Properties Inc. has never had any connection to Plaintiff's leases or his claims, period. *Id.*

23. Just as the driver in *McClenton* simply "brought suit against the wrong entity," Plaintiff brought suit against the wrong entity. *McClenton*, 2017 WL 4322432 at *2. The true target of Plaintiff's allegations is the operator in the Eagle Ford Shale, where his lease is located, not the Utica and Marcellus Shales more than a thousand miles away. Plaintiff has no reasonable basis for recovery against Defendant Equinor USA Onshore Properties Inc. *See Smallwood*, 385 F.3d at 573. As such, it has been improperly joined.

24. Because Defendant Equinor USA Onshore Properties Inc. has been improperly joined, the Court must dismiss Plaintiff's claims against Equinor USA Onshore Properties Inc. *See Int'l Energy Ventures*, 818 F.3d at 209 ("When, as here, a court determines that a nondiverse party has been improperly joined to defeat diversity, that party must be dismissed without prejudice.").

**II. The remaining parties are completely diverse.**

25. Once Defendant Equinor USA Onshore Properties Inc. is dismissed, the remaining parties are completely diverse. Complete diversity exists when no plaintiff is a citizen of the same

state as any defendant. *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).

26. In this case, Plaintiff Gregory Johnston is a citizen of Texas. Defendants Equinor Pipelines LLC, Equinor Texas Onshore Properties LLC, and Equinor US Operations LLC are each citizens of Delaware and Connecticut, as set forth above. *See* Exhibit C. Since Gregory Johnston is not a citizen of the same state as any of the remaining Defendants, complete diversity exists.

**III. The amount in controversy exceeds $75,000.**

27. Finally, the amount in controversy in this case exceeds the $75,000 threshold. *See* 28 U.S.C. § 1332(a). Plaintiff alleges in his Original Petition that he seeks monetary damages "exceeding $1,000,000." Exhibit B at 17; *see also* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of [diversity of citizenship], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ."). Thus, the amount in controversy requirement is satisfied.

28. Because the properly-joined parties are completely diverse and the amount in controversy exceeds $75,000, this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

**CONCLUSION AND PRAYER**

29. Defendants Equinor Texas Onshore Properties LLC, Equinor Pipelines LLC, Equinor USA Onshore Properties Inc., and Equinor US Operations LLC respectfully request that the Court dismiss Plaintiff Gregory Johnston's claims against Defendant Equinor USA Onshore Properties Inc. Defendants further request that this Court make the proper orders to affect removal of this cause from the 343rd Judicial District Court in McMullen County, Texas, to this Court and that this Court make such other orders as may be appropriate to effectuate the preparation and

filing of a true record in this case in all proceedings that may have been had in the 343rd Judicial District Court in McMullen County, Texas.

Respectfully submitted,

**BECK REDDEN LLP**

By: *_/s/ Fields Alexander_*

Fields Alexander
State Bar No. 00783528
falexander@beckredden.com
Christopher R. Cowan
State Bar No. 24084975
ccowan@beckredden.com
Marcos Rosales
State Bar No. 24074979
mrosales@beckredden.com
Mary Kate Raffetto
State Bar No. 24098296
mkraffetto@beckredden.com
John Noh
State Bar No. 24105882
jnoh@beckredden.com

1221 McKinney Street, Suite 4500
Houston, TX 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

**ATTORNEYS FOR DEFENDANTS EQUINOR TEXAS ONSHORE PROPERTIES LLC, EQUINOR PIPELINES LLC, EQUINOR USA ONSHORE PROPERTIES INC., AND EQUINOR US OPERATIONS LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2018, a true copy of the foregoing has been served upon all parties or their attorneys contemporaneously with or before the filing of this pleading, in a manner authorized by Federal Rule of Civil Procedure 5(b)(1), via email and certified mail.

*/s/ Fields Alexander*
Fields Alexander